**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 14-1246**

---

TAM ANH PHAM; SUN YOUNG PHAM,

                  Plaintiffs – Appellants,

         v.

DEUTSCHE BANK NATIONAL TRUST COMPANY, Trustee; AURORA LOAN
SERVICES LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,
INCORPORATED; ALG TRUSTEE LLC; DRAPER & GOLDBERG, P.L.L.C.

                  Defendants – Appellees

         and

AMY SANBORN OWEN,

                  Defendant.

---

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.   Liam O'Grady, District
Judge. (1:13-cv-01053-LO-IDD)

---

Submitted:  September 23, 2014      Decided:  September 25, 2014

---

Before WILKINSON, AGEE, and THACKER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Tam Anh Pham; Sun Young Pham, Appellants Pro Se.  John Daniel
Victor Ferman, Amy Sanborn Owen, Kristin Anne Zech,
BRIGLIAHUNDLEY, PC, Fairfax, Virginia; Dean L. Robinson,

ATLANTIC LAW GROUP, LLC, Leesburg, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tam Anh Pham and Sun Young Pham appeal the district court's order dismissing their amended civil complaint challenging the foreclosure sale of their real property. We have reviewed the record and find no reversible error. Accordingly, we affirm.

We review de novo a district court's order dismissing a complaint for failure to state a claim, assuming that all well-pleaded, nonconclusory factual allegations in the complaint are true. Aziz v. Alcolac, Inc., 658 F.3d 388, 391 (4th Cir. 2011). In considering a Fed. R. Civ. P. 12(b)(6) motion, this court generally follows the "Four Corners Rule," whereby a "court[] may consider the complaint itself and any documents that are attached to it." CACI Int'l, Inc. v. St. Paul Fire & Marine Ins. Co., 566 F.3d 150, 154 (4th Cir. 2009).

First, the dismissal was proper based on the Phams' failure to comply with the district court's order. A district court may dismiss an action based on a plaintiff's failure to comply with any order. Fed. R. Civ. P. 41(b). Where a litigant has ignored an express warning that noncompliance with a court order will result in dismissal, the district court should dismiss the case. See Ballard v. Carlson, 882 F.2d 93, 95-96 (4th Cir. 1989) ("In view of the warning, the district court had little alternative to dismissal."). Here, the Phams filed their

3

amended complaint beyond the time limit set by the district court, and offered no good cause for their failure to timely file the complaint.

Next, the Phams' assertions that the Defendants violated 18 U.S.C. § 1021 (2012) fail because there is no civil or private remedy for an alleged violation of this statute. See Fed. Sav. & Loan Ins. Corp. v. Reeves, 816 F.2d 130, 137-38 (4th Cir. 1987) (finding no basis for implying civil cause of action from criminal fraud and misrepresentation statutes).

Finally, the amended complaint fails to state a claim, even affording the Phams' allegations liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The Phams' claim that Defendants were required to produce the original loan documents is unavailable under Virginia law, which permits a trustee to foreclose on a loan in default without first seeking a court order. See Horvath v. Bank of N.Y., 641 F.3d 617, 623 & n.3 (4th Cir. 2011); see also Va. Code Ann. § 55-59 (2007). Moreover, and contrary to the Phams' assertions, the Deed of Trust signed by them and attached to their complaint granted Defendants the power to take the disputed actions in the underlying foreclosure sale.

Accordingly, we affirm the district court's order. We deny the Phams' pending motions for sanctions. We dispense with oral argument because the facts and legal contentions are

4

adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED